PURDY *v.* THE PEOPLE, 4 Hill, 384–419. ·

In S. Ct. 2 Hill, 31–44.

*Quo warranto ; Charter of the City of New York.*

INFORMATION in the nature of a *quo warranto* against the defendant for exercising the office of *judge* of the Court of General Sessions in the city of New York. The information was filed, June 15, 1840, and alleged the usurpation from the 1st of that month. The defendant pleaded his election to the office of alderman of the 10th ward of the city of New York, on the 2d Tuesday of April, 1840, for one year ; that he entered on the duties of the office on the 12th of May, following ; and then insisted on his title as alderman, under the city charter of 1730, the confirmatory act of 1732, the act of 1830, and the revised statutes, to sit in the Court of General Sessions of the peace, in and for the city and county. The Attorney General demurred, and the defendant joined in demurrer.

The Supreme Court held, that the act of May 14, 1840, annulled the power conferred upon aldermen of the city of New York by the charter of 1730 to officiate as judges of the Court of General Sessions, of the city and county of New York ; that the act was valid, though passed by a vote of less than *two thirds* of the members elected to each branch of the legislature.

Cowen, J., held, that as the act did not interfere with any right of a strictly *corporate* character, it was not a *two third* act.

Nelson, Ch. J., for reasons expressed by him in *The People* v. *Morris,* (13 Wend. 325,) held that the two third clause of

the constitution did not extend to *municipal corporations,* and gave judgment of ouster against the defendant, Bronson, J., dissenting on both grounds; and further holding, that where the point is raised as to the actual vote of two thirds on the passage of a bill, is the original engrossed bill on file in the secretary of state's office, if not *certified* pursuant to the statute as having been passed by a two third vote, that is at least *prima facie evidence,* that it was not so passed.

The Court of Errors held, that the *two third* clause of the constitution (of 1821) extended to *all corporations,* properly so called, (under the terms "any body politic or corporate,") whether they be public or private; and that the act of May 14, 1840, not having received the assent of two thirds of the members elected to each branch of the legislature, it is void so far as it affects the right of aldermen of the city of New York to sit as judges of the Court of General Sessions of the peace.

The Chancellor in concluding his opinion for *affirmance,* says: "The fact that one of the sections of the act of May, 1840, is admitted to be in direct conflict with the provisions of the constitution, does not render the other parts of that act inoperative and void." And this seems to have been acquiesced in by the Court, as no members of the court who delivered opinions for *reversal* maintained the contrary doctrine.

Judgment <em>reversed</em> 13 to 11.